**EXHIBIT D**

**FELLERMAN & CIARIMBOLI LAW**
Kirby Park Commons
183 Market Street, Suite 200
Kingston, PA  18704
(570) 718-1444
(570) 714-7255 (FAX)
www.714HURT.com

Edward J. Ciarimboli, Esquire
ID# 85904
ejc@714HURT.com

Gregory E. Fellerman, Esquire
ID# 81568
gef@714HURT.com

Kevin Clancy Boylan, Esquire
ID# 314117
cb@fclawpc.com

---

**KENNETH DUNBAR**
**164 Vanloon Street**
**Plymouth, PA 18651**

                              **Plaintiff**

                    **v.**

**JOSEPH NICE, III**
**521 W. Shawnee Ave**
**Plymouth, PA 18651**

**And**

**PRESTIGE DELIVERY SYSTEMS, INC.**
**9535 Midwest Ave.**
**Suite 104**
**Garfield Heights, OH 44125**

**And**

**Staples, Inc.**
**500 Staples Drive**
**Framingham, MA 01702**

                         **Defendants**

**IN THE COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY**

**CIVIL ACTION – LAW**
**JURY TRIAL DEMANDED**

**NO.        OF 2014**

---

### COMPLAINT

AND NOW COMES the Plaintiff, Kenneth Dunbar, by and through his legal

counsel, Fellerman & Ciarimboli Law, and hereby complains against the above named

Defendants, and avers as follows:

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

## PARTIES

1. The Plaintiff, Kenneth Dunbar (hereinafter "Plaintiff") is an adult individual residing at 164 Vanloon Street, Plymouth, Luzerne County, PA 18651.

2. The Defendant, Joseph Nice, III (hereinafter "Defendant Nice") is an adult individual residing at 521 W. Shawnee Ave., Plymouth, Luzerne County, PA 18651.

3. The Defendant, Prestige Delivery Systems, Inc. (hereinafter "Prestige Delivery") is a corporation with its headquarters at 9535 Midwest Ave., Suite 104, Garfield Heights, OH 44125 and is licensed to do business in Pennsylvania.

4. The Defendant, Staples, Inc. (hereinafter "Staples") is a Massachusetts corporation with its headquarters at 500 Staples Drive, Framingham, MA 01702 and is licensed to do business in Pennsylvania.

5. At all relevant times, Prestige Delivery regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania and has an office located at Citizens Bank, 801 Market Street, 11th Floor, Philadelphia, PA 19107.

6. At all relevant times, Staples regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania and has six (6) store locations in Philadelphia County.

7. At all relevant times, Defendant Nice was the agent, servant, workman, and/or employee of Defendant Prestige Delivery, and was acting in the course and scope of his employment.

2

8. At all relevant times, Defendant Nice was the agent, servant, workman, and/or employee of Defendant Staples, and was acting in the course and scope of his employment.

## FACTUAL BACKGROUND

9. On January 23, 2014, at approximately 12:00 p.m., the Plaintiff was called by the Defendant Nice to come to the Mohegan Sun Casino in Plains Township, PA to help fix Defendant Nice's Prestige Delivery Van (hereinafter referred to as the "van").

10. At the aforementioned place and time, Defendant Nice was in the course and scope of his employment for Prestige Delivery and was in the process of delivering goods manufactured by Defendant Staples to the Mohegan Sun Casino.

11. Defendant Nice informed the Plaintiff that the van would not start up.

12. The Plaintiff told Defendant Nice that he would have to bypass the solenoid.

13. The Plaintiff made sure Defendant Nice put the van in park.

14. At all relevant times, Defendant Nice was sitting in the driver's seat.

15. Prior to getting underneath the van to bypass the solenoid, the Plaintiff verbally told Defendant Nice to not hit the gas until the Plaintiff was free and clear from the van.

16. The Plaintiff put cardboard underneath the van and then got under the van.

17. The Plaintiff bypassed the solenoid which started the van.

18. The Plaintiff then waited approximately one (1) minute to make sure the van didn't shut off.

3

19. After waiting approximately one (1) minute, the Plaintiff turned on his belly and began to reverse army crawl out from underneath the van.

20. As the Plaintiff got to the front of the van, he began to turn counter clockwise to get up.

21. As the Plaintiff began to turn to get up in front of the van, Defendant Nice put the van in drive and pinned the Plaintiff.

22. The front passenger wheel of the van pinned the Plaintiff's right shoulder.

23. The Plaintiff was able to pull his shoulder out from underneath the front passenger tire, but in doing so, the van then pinned the Plaintiff's left hand.

24. Upon information and belief and through evidence of drag marks on the Plaintiff's head and forearm, the Plaintiff was dragged a short distance by the Defendant's van.

25. The Plaintiff, after getting his hand out from underneath the tire, realized he was bleeding profusely.

26. The Plaintiff asked Defendant Nice to call an ambulance, which the Defendant refused to do.

27. Defendant Nice eventually drove the Plaintiff to Geisinger Hospital, where he left him at the front door.

28. At all relevant times, Defendant Nice was in the course and scope of his employment for the Defendant, Prestige Delivery.

29. As a result of being pinned by the Defendant's van, the Plaintiff sustained serious injuries to his cervical, thoracic, and lumbar spine, shoulder, arm, head and hand.

4

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

30. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

### COUNT I
### NEGLIGENCE / RECKLESSNESS
### KENNETH DUNBAR v. JOSEPH NICE, III

31. The preceding paragraphs are incorporated herein by reference as though fully set forth.

32. The negligence, carelessness and/or recklessness of Defendant Nice, individually and as the agent, servant, worker and/or employee of the Defendant, Prestige Delivery, consisted of, but is not limited to the following:

a. In then and there failing to maintain proper and adequate control of his van so as to avoid pinning and/or running over the Plaintiff;

b. In then and there failing to pay proper attention while operating his van;

c. In then and there failing to take proper precautions in the operation of his van so as to avoid pinning and/or running over the Plaintiff;

d. In then and there operating his van in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e. In then and there failing to exercise due care and caution under all of the existing circumstances;

f. In then and there failing to have his van under such control that it could remained in park and/or stopped until the Plaintiff safely exited from underneath the van;

g. In then and there failing to remain alert;

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

h.  In then and there violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles;

i.  In then and there failing to properly control his van in light of the circumstances then and there existing;

j.  In then and there failing to make necessary and reasonable observations while operating his tractor trailer unit;

k.  In then and there failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid pinning and/or running over the Plaintiff;

l.  In then and there failing to timely and properly apply his brakes;

m.  In then and there violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Prestige Delivery;

n.  Hitting the gas pedal when he knew and/or should have known that the Plaintiff had not safely exited from underneath the van;

o.  Hitting the gas pedal when he knew and/or should have known that the Plaintiff was in a position to be pinned and/or run over; and

p.  In then and there acting with a conscious disregard for the rights and safety of the Plaintiff.

33. As a direct and proximate cause of the negligence and/or recklessness of Defendant Nice, the Plaintiff sustained, inter alia, the following injuries:

a.  Right humeral head fracture;

b.  Compression fracture of C6;

c.  Disc herniation at levels C5-6 and C6-7;

6

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

    d.  Thoracic injury;

    e.  Lumbar injury;

    f.  Left hand laceration; and

    g.  Head laceration.

34. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from the following health care providers:

    a.  Geisinger Hospital; and

    b.  Geisinger Outpatient Occupational Therapy;

35. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff, as of the time of the filing of this Complaint, underwent an open reduction and internal fixation of right proximal humerus fracture.

36. The Plaintiff continues to require treatment for the aforesaid injuries and the natural consequences thereof.

37. All of the aforementioned treatment for Plaintiff's injuries and the natural consequences thereof, has been deemed reasonable and necessary.

38. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff has sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

39. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff has sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

40. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

41. As a result of the aforesaid injuries, and the natural consequences thereof, the Plaintiff has sustained an impairment of his earning capacity/potential.

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Joseph Nice, III, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE/RECKLESSNESS**
**KENNETH DUNBAR V. PRESTIGE DELIVERY SYSTEMS, INC. AS BEING**
**VICARIOUSLY LIABLE FOR JOSEPH NICE, III**

42. The preceding paragraphs are incorporated herein by reference as though fully set forth.

43. The negligence, carelessness and/or recklessness of Defendant Prestige Deliver, as being vicariously liable for the actions of Joseph Nice, III, consisted of, but is not limited to the following:

    a. In then and there failing to maintain proper and adequate control of his van so as to avoid pinning and/or running over the Plaintiff;

    b. In then and there failing to pay proper attention while operating his van;

    c. In then and there failing to take proper precautions in the operation of his van so as to avoid pinning and/or running over the Plaintiff;

    d. In then and there operating his van in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

8

e.  In then and there failing to exercise due care and caution under all of the existing circumstances;

f.  In then and there failing to have his van under such control that it could remained in park and/or stopped until the Plaintiff safely exited from underneath the van;

g.  In then and there failing to remain alert;

h.  In then and there violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles;

i.  In then and there failing to properly control his van in light of the circumstances then and there existing;

j.  In then and there failing to make necessary and reasonable observations while operating his tractor trailer unit;

k.  In then and there failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid pinning and/or running over the Plaintiff;

l.  In then and there failing to timely and properly apply his brakes;

m. In then and there violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Prestige Delivery;

n.  Hitting the gas pedal when he knew and/or should have known that the Plaintiff had not safely exited from underneath the van;

o.  Hitting the gas pedal when he knew and/or should have known that the Plaintiff was in a position to be pinned and/or run over; and

9

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

p. In then and there acting with a conscious disregard for the rights and safety of the Plaintiff.

44. As a result of the above-stated acts and omissions, the Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Joseph Nice, III, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

<u>**COUNT III**</u>
<u>**NEGLIGENT and/or RECKLESS SUPERVISION / HIRING / RETENTION**</u>
<u>**KENNETH DUNBAR v. PRESTIGE DELIVERY SYSTEMS, INC.**</u>

45. The preceding paragraphs are incorporated herein by reference as though fully set forth.

46. The negligence, carelessness, and/or recklessness of the Defendant Prestige Delivery, individually and through its various employees, servants, agents and/or workers including, but not limited to Joseph Nice, III, consisted of, but is not limited to the following:

a. In then and there failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to, Defendant Nice;

b. In then and there hiring and/or continuing to employ Defendant Nice despite the fact that it knew or should have known that his extensive prior driving record and criminal record made him unfit to safely operate a commercial vehicle;

10

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

c.  In then and there failing to have an appropriate disciplinary policy within the company as evidenced by the fact that Defendant Nice was allowed to operate a Prestige Deliver Van despite an extensive amount of driving violations and a criminal history;

d.  In then and there hiring and/or continuing to employ Defendant Nice despite the fact that it knew or should have known that his propensity to break the vehicular rules of the Commonwealth could and/or would put the driving public, bystanders, and pedestrians in danger;

e.  In then and there permitting Defendant Nice to operate its motor vehicles when it knew or should have known that he was not properly qualified and/or trained;

f.  In then and there failing to train and/or properly train Defendant Nice prior to allowing him to operate its motor vehicles;

g.  In then and there allowing Defendant Nice to operate motor vehicles in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

h.  In then and there failing to adopt appropriate employee manuals and/or training procedures;

i.  In then and there failure to enforce its employee manuals and/or training procedures;

j.  In then and there failing to enforce both the written and unwritten policies of Prestige Delivery;

11

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

k. In then and there failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Prestige Delivery;

l. In then and there failing to implement and/or enforce an effective safety system;

m. In then and there failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the Pennsylvania Motor Vehicle Code;

n. In then and there failing to ensure that its employees, drivers and/or agents complied with the provisions of the Pennsylvania Motor Vehicle Code;

o. In then and there failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

p. In then and there violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q. In then and there failing to monitor and/or regulate its drivers' actions;

r. In then and there placing more emphasis on profits than on the safety of its drivers and the motoring public;

s. In then and there knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

t. In then and there failing to act upon and remedy known violations of industry standards;

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

u. In then and there acting in conscious disregard for the rights and safety of the Plaintiff;

v. In then and there hiring a driver, Joseph Nice, III, who it knew or should have known had a history of motor vehicle violations including, but not limited to the following:

    i. Following too Closely (Offense Code 3310 A);

    ii. Improper Left Turn (Offense Code 3331 D1);

    iii. Obedience to Traffic-Control Devices (Offense Code 3111 A);

    iv. Exceeding the maximum speed limit by twenty-three (23) mph (Offense Code 3362 A2-23);

    v. Careless Driving (Offense Code 3714 A);

    vi. Obedience to Traffic - Control Devices (Offense Code 3111 A);

    vii. Obedience to Traffic – Control Devices (Offense Code 3111 A); and

    viii. Possession of Cocaine (Offense Code 780 – 113 A16).

w. In then and there failing to have appropriate policies and procedures with regard to the hiring of its drivers; and

x. In then and there failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers.

47. As a result of the above-stated acts and omissions, the Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Prestige Delivery Systems, Inc., in an amount in excess of

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

$50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT IV
## JOINT VENTURE – AGENCY LIABILITY
## KENNETH DUNBAR v. STAPLES, INC.

48. The preceding paragraphs are incorporated herein by reference as though fully set forth.

49. Prior to January 23, 2014, Staples was engaged in a joint venture with Prestige Delivery to haul warehoused goods from its leased warehouses to other locations.

50. At the aforementioned place and time, Staples, Defendant Nice and Prestige Delivery agreed to transport Staples' supplies from its warehouse to the Mohegan Sun Casino.

51. Upon information and belief, Prestige Delivery and/or Defendant Nice were paid by Staples for this transportation, including allowances for fuel costs.

52. Upon information and belief, Staples is in contact with Defendant Nice and Prestige Delivery through numerous means of communication, including, but not limited to, email, faxes, telephone, and mobile applications to track the status of the shipment from origin to delivery.

53. As a result of this transportation, Staples earned, or intended to earn, a profit.

14

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

54. Upon information and belief, Staples dictated the delivery time to be January 23, 2014.

55. Upon information and belief, Staples required delivery at a set appointment time and imposed a fine upon Defendant Nice and/or Prestige Delivery if the appointment time was breached.

56. Upon information and belief, the bill of lading ordered Defendant Nice to call Staples if there were any problems with the shipment.

57. On said date, Staples, as part of its joint venture with Prestige Delivery, possessed and/or controlled the van through its duly authorized agent, servant and/or employee, Defendant Nice.

58. At the aforementioned place and time, Defendant Nice was performing a service for the benefit of Staples, namely the transportation of Staples' good and material from Staples' warehouse to the Mohegan Sun Casino.

59. Staples was aware Defendant Nice was transporting the goods and materials.

60. Staples had the right to control Defendant Nice in performing this service.

61. Staples exercised this control in one or more methods described in paragraphs 50, 51, 53, 54 and 55.

62. Staples had the right to discharge Defendant Nice.

63. Staples held out Defendant Nice as an agent, servant and/or employee, such that a reasonable person would conclude that Defendant Nice was an agent, servant and/or employee of Staples, and it is vicariously liable for the acts and/or omissions of Defendant Nice on January 23, 2014.

15

64. As a result of the above-stated acts and omissions, the Plaintiff has suffered such harm as has been previously stated herein

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Staples, Inc., in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

<u>**COUNT V**</u>
<u>**KENNETH DUNBAR v. STAPLES, INC.**</u>
<u>**NEGLIGENT ENTRUSTMENT**</u>

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. At all relevant times, Defendant Staples had a duty to select and hire competent companies to hire drivers to transport Staples' goods and/or materials.

67. At all relevant times, Defendant Staples had a duty to ensure that the companies it hired and selected to transport Staples' goods and/or materials had appropriate hiring practices that put competent drivers behind the wheel.

68. Defendant Staples failed to select and hire a competent company to transport its goods and/or materials.

69. Defendant Staples failed to look into the hiring practices of Prestige Delivery to see if Prestige was hiring and retaining competent drivers.

70. Had Staples looked into the hiring practices of Prestige Delivery, it would have learned that Prestige Delivery was allowing drivers who lacked the appropriate fitness to safely operate delivery vans on the road to transport goods and/or materials.

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

71. Had Staples looked into the hiring and retention policies of Prestige Delivery, it would have learned that Prestige Delivery was employing and putting on the road drivers who had extensive driving records and/or criminal records.

72. Staples knew or should have known that entrusting the delivery of its goods and/or materials to Prestige Delivery, via Joseph Nice, III, would likely cause harm to the motoring public and/or innocent bystanders or pedestrians such as the harm that was caused on January 23, 2014 to the Plaintiff.

73. As a result of the negligence of Defendant Staples, the Plaintiff suffered such harm as was described above herein.

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendant, Staples, Inc., in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the local rules of Court.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

BY: _____
    KEVIN CLANCY BOYLAN, ESQUIRE
    Attorney for the Plaintiff

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404

<u>**COUNT III**</u>
<u>**NEGLIGENT SUPERVISION / HIRING / RETENTION**</u>
<u>**KENNETH DUNBAR v. PRESTIGE DELIVERY, INC.**</u>

74. The preceding paragraphs are incorporated herein by reference as though fully set forth.

75. The negligence, carelessness and/or recklessness of the Prestige Delivery, individually and through its various employees, servants, agents and/or workers including, but not limited to Joseph Nice, III, consisted of, but is not limited to the following:

    a. In then and there failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Nice;

    b. In then and there hiring and/or continuing to employ Defendant Nice , despite the fact that it knew or should have known that he was not properly qualified and/or trained;

    c. In then and there permitting Defendant Nice to operate its motor vehicles when it knew or should have known that he was not properly qualified and/or trained;

18

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

d.  In then and there failing to train and/or properly train Defendant Nice, prior to allowing him to operate its motor vehicles;

e.  In then and there allowing Defendant Nice to operate motor vehicles in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

f.  In then and there failing to adopt appropriate employee manuals and/or training procedures;

g.  In then and there failing to enforce its employee manuals and/or training procedures;

h.  In then and there failing to enforce both the written and unwritten policies of Prestige Delivery;

i.  In then and there failing to ensure that its employees, driver and/or agents were aware of and complied with the written and unwritten policies of Prestige Delivery;

j.  In then and there failing to implement and/or enforce an effective safety system;

k.  In then and there failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the Pennsylvania Motor Vehicle Code;

l.  In then and there failing to ensure that its employees, drivers and/or agents complied with the provisions of the Pennsylvania Motor Vehicle Code;

19

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

m. In then and there failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles????;

y. In then and there hiring a driver, Joseph Nice, who it knew or should have known had a history of motor vehicle violations and criminal history including, but not limited to the following:

    i. Following too Closely (Offense Code 3310 A);

    ii. Improper Left Turn (Offense Code 3331 D1);

    iii. Obedience to Traffic-Control Devices (Offense Code 3111 A);

    iv. Exceeding the maximum speed limit by twenty-three (23) mph (Offense Code 3362 A2-23);

    v. Careless Driving (Offense Code 3714 A);

    vi. Obedience to Traffic - Control Devices (Offense Code 3111 A);

    vii. Obedience to Traffic – Control Devices (Offense Code 3111 A); and

    viii. Possession of Cocaine (Offense Code 780 – 113 A16).

z. In then and there failing to have appropriate policies and procedures with regard to the hiring of its drivers; and

aa. In then and there failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers.

76. As a result of the above-stated acts and omissions, the Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Kenneth Dunbar, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from

Case ID: 140604100

Case ID: 140604100

Control No.: 15080404

the Defendant, Prestige Delivery, Inc., in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

BY:     s/ Kevin Clancy Boylan
KEVIN CLANCY BOYLAN, ESQUIRE
Attorney for the Plaintiff

21

Case ID: 140604100
Case ID: 140604100
Control No.: 15080404