# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 15-6840 |
| v. | : | |
| | : | |
| THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE CO., | : | |
| | : | |
| Defendants. | : | |

MCHUGH, J.                                                   AUGUST 1, 2017

## MEMORANDUM

This memorandum supplements the Court's previous findings with respect to the liability of Defendant The Princeton Excess and Surplus Lines Insurance Company ("Princeton") for the cost of defending direct liability claims against Prestige and Staples in the underlying case.

Plaintiff United Financial Casually Company ("United") has filed a Supplemental Brief Regarding Allocation. Princeton has filed what can only be described as a very limited response, waiving the right to an evidentiary hearing, and representing that it is appropriate to grant the relief requested by United. Although Princeton has, in effect, waived its right to contest the damages, I will nonetheless address the issues.

In my earlier memorandum, I found that Princeton was liable for 91% of the cost of defending vicarious liability claims against Staples. Although United does not seek to enforce its rights under my previous ruling, Princeton nonetheless devotes half of its response on damages to criticizing the attorney retained by United to defend such claims, arguing that United's

1

forbearance "constitutes illusory generosity." I am hard-pressed to see the relevance of this attack given that United is no longer seeking reimbursement for such costs.

The essence of United's claim is set forth in Section D of its Supplemental Brief and accompanying exhibits. Aside from disputing the date on which vicarious liability claims were settled in the underlying suit, "Princeton does not dispute the facts." Def. Resp., p. 3. Based on the record before me, the dispute as to the actual date of settlement is immaterial. Starting in late July, 2014, United communicated its intent to pursue a settlement of vicarious liability claims with the plaintiff in the underlying case. In a series of communications, United made Princeton aware of those negotiations, and of the possibility of a settlement with the plaintiff that preserved United's right to pursue claims for direct liability on the part of Prestige and Staples. For purposes of my analysis, the critical fact asserted by United is that Princeton selected a firm to defend direct liability claims against Prestige and Staples - Marks-O'Neill - and that firm was involved only in the defense of direct liability claims. Given that Princeton has not contested that factual allegation, the actual date of settlement with the plaintiff in the underlying case has no relevance, because none of the fees paid to Marks-O'Neil and none of the costs advanced at its direction would relate to anything other than the direct liability claims.

United avers, and Princeton does not dispute, that United paid expert fees and costs in the total amount of $35,806.55, and costs associated with mediation of the underlying case in the total amount of $9,200.00, in accordance with the instructions of Marks-O'Neill. There is no basis upon which to gainsay such direction, given that Princeton selected them as counsel. For that same reason, there is little basis to questions the fees charged, but I have nonetheless reviewed the Marks-O'Neil invoices.

2

Based on the undisputed facts, and my additional review, judgement will be entered in favor of United Financial Casualty Company and against Princeton in the total amount of $215,657.55.

United also seeks prejudgment interest, at Pennsylvania's statutory rate of six percent, running from the date the bills were paid, December 28, 2015. Princeton seems to concede that interest is warranted to, but argues that because United's claim is one for equitable restitution, the statutory rate is inapplicable. It relies upon *Peterson v. Crown Financial Corp.,* 661 F.2d 287 (3d. Cir. 1981), to argue that a market rate realistically reflecting any loss of opportunity is the appropriate measure. As to this point, I am persuaded that Princeton has the better argument, and will adopt its proposal to award interest at prime, applying a rate of 3.5% for 2016 and 3.75% throughout 2017, for a total award of $12,091.11 in interest.

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge